UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISMAEL BARRON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | CASE NO.　C05-363RSM-MJB<br>　　　　　　　(CR90-323RSM)<br><br>REPORT AND RECOMMENDATION |

### INTRODUCTION AND SUMMARY CONCLUSION

　　Petitioner Ismael Baron is a federal prisoner who is currently incarcerated at the Federal Prison Camp at Sheridan, Oregon. He has submitted to this Court for consideration a petition for writ of error *audita querela* under the All Writs Act, 28 U.S.C. § 1651. The government has filed a response to the petition and petitioner has filed a reply brief in support of his petition. Following a careful review of the record, this Court concludes that petitioner's petition for writ of error *audita querela* should be denied.

### FACTUAL/PROCEDURAL HISTORY

　　On September 30, 1991, petitioner was convicted, following a 27-day jury trial, on charges of conspiracy to distribute heroin and cocaine, unlawful use of a telephone, unlawful use of a firearm, and

REPORT AND RECOMMENDATION
PAGE - 1

possession with intent to distribute cocaine and heroin. (*See* CR00-323RSM, Dkt. Nos. 284, 664, and 665.) On February 7, 1992, petitioner was sentenced by the Honorable Barbara Jacobs Rothstein, United States District Judge, to a term of 235 months confinement on the non-firearm charges, and to consecutive terms of 60 months confinement on each of five firearm charges, for a total sentence of 535 months imprisonment. (CR00-323RSM, Dkt. Nos. 732 and 782.) Petitioner appealed his convictions and sentence to the Ninth Circuit Court of Appeals. (*See id.*, Dkt. No. 794.) On October 5, 1993, the Court of Appeals affirmed petitioner's convictions and sentence. *See United States v. Castaneda*, 9 F.3d 761 (9th Cir. 1993), and *United States v. Angulo-Lopez*, 1993 WL 394835 (9th Cir. (Wash.)).

On April 19, 1996, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (C96-625BJR, Dkt. No. 1.) Petitioner's § 2255 motion was granted with respect to challenges petitioner raised to his firearm convictions, and those convictions were vacated. (*Id.*, Dkt. No. 6.) Petitioner's motion was denied in all other respects. (*Id.*) Petitioner appealed the district court's ruling to the extent that it denied his challenges to his narcotics convictions. *See United States v. Barron*, 1997 WL 599892 (9th Cir. (Wash.)). On September 24, 1997, the Court of Appeals affirmed the district court's disposition of petitioner's § 2255 motion. *See id.*

Petitioner subsequently filed two applications for leave to file a second or successive § 2255 motion in the Ninth Circuit, and both of those applications were denied. (*See* C96-625BJR, Dkt. Nos. 18 and 20.) On March 25, 2002, petitioner presented to this court for filing a petition for writ of habeas corpus. (C02-679BJR, Dkt. No. 2.) However, that petition was deemed a successive collateral challenge to petitioner's conviction and was dismissed on July 17, 2002.

On March 3, 2005, petitioner presented to the court for filing the instant petition for writ of error *audita querela*. Petitioner asserts in his petition that he is entitled to relief from the judgment

REPORT AND RECOMMENDATION
PAGE - 2

imposed by this court under the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005).

## DISCUSSION

### Availability of Writ of *Audita Querela*

The initial question for this Court to consider is whether the writ of *audita querla* provides petitioner with an avenue of relief. Petitioner argues in his petition, and in his supporting documents, that a motion under § 2255 will not afford him adequate relief and that a petition for writ of error *audita querela* is therefore the only avenue available to him to attack his sentence. (Dkt. Nos. 1-2.) Respondent argues that the writ of *audita querela* does not provide a basis for relief because the review petitioner seeks by way of the writ is the same review he could obtain under § 2255, if such review were still available to him. (*See* Dkt. No. 9.) Respondent argues in the alternative that the petition should be characterized as a motion under § 2255 motion and that it should be referred to the Ninth Circuit Court of Appeals as a successive motion.

At common law, the writ of error *audita querela* was only available to a judgment debtor who sought relief against a judgment or execution when some legal defense or discharge arose after the issuance of the judgment. *Doe v. Immigration and Naturalization Service*, 120 F.3d 200, 202 (9th Cir. 1997) (internal citations omitted); *see also* Wright and Miller, *Federal Practice and Procedure*, § 2867 at 235 (1973). Hence, the writ of error *audita querela* could be used to attack a judgment that was correct when issued, but later rendered infirm due to some legal defect. *Doe*, 120 F.3d at 203 n. 4 (internal citations omitted).

In 1946, amendments to Federal Rule of Civil Procedure 60(b) expressly abolished all of the common law writs for civil cases, including *audita querela*. Fed. R. Civ. P. 60(b); *U.S. v. Beggerly*, 524 U.S. 38 44-45 (1998); *Doe*, 120 F.3d at 202. The Supreme Court has nevertheless held that *audita querela*, and the other common law writs, survive as a way to collaterally attack criminal

REPORT AND RECOMMENDATION
PAGE - 3

sentences in very narrow circumstances.[1]  *U.S. v. Morgan*, 346 U.S. 502, 510-11 (1954); *U.S. v. Gowell*, 374 F.3d 790, 795 n. 3 (9th Cir. 2003).  *Audita querela* and the other writs are now available "only to the extent that they fill "gaps" in the current systems of post-conviction relief."  *U.S. v. Valdez-Pacheco*, 237 F.3d 1077, 1079-80 (9th Cir. 2000).

Federal prisoners may not, however, employ the writ of *audita querela* to challenge their conviction or sentence when that challenge is cognizable as a § 2255 motion.  *Valdez-Pacheco*, 237 F.3d at 1080; *see also U.S. v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992), *U.S. v. Banda*, 1F.3d 354, 356 (5th Cir. 1993).  In such cases, there is simply no "gap" in the post-conviction remedies that needs to be filled.  *Valdez Pacheco*, 237 F.3d at 1080.  In *Valdez-Pacheco*, the Ninth Circuit specifically held that *audita querela* is not available to federal prisoners merely because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prevents them from filing of second or successive § 2255 motion.  *Valdez-Pacheco*, 237 F.3d at 1080.  The Court made clear that "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."  *Id.* (internal citations omitted).

Here, petitioner's challenge is plainly the type of challenge cognizable in a § 2255 motion.  Indeed, the face of the petition indicates that petitioner seeks relief from his federal court sentence under *Booker*.  (Dkt. No. 1.)  This is precisely what a § 2255 motion is designed to do.  The mere fact that petitioner has labeled this a petition for writ of error *audita querela* does not change its actual substance.  Petitioner's claims should be brought as a § 2255 motion.  The fact that AEDPA may bar petitioner from filing a second or successive § 2255 petition does not render *audita querela* the proper vehicle for his claims.  The petition should therefore be denied.  Because this Court concludes that a

---

[1] Some courts have challenged whether audita querela survives at all.  *See Doe*, 120 F.3d at 204 & n. 5 (collecting cases).

REPORT AND RECOMMENDATION
PAGE - 4

petition for writ of error *audita querela* is not the proper vehicle for petitioner to raise his claims, it need not consider his other arguments. *See Valdez-Pacheco*, 237 F.3d at 1080.

### CONCLUSION

Because petitioner seeks relief from his federal court sentence, his claims could be brought in a § 2255 motion, if such review were still available to him. As a result, a petition for a writ of error *audita querela* is not the proper vehicle for his claims. This Court therefore recommends that the petition be denied and that this action be dismissed. A proposed order accompanies this Report and Recommendation.

DATED this 3rd day of November, 2005.

MONICA J. BENTON
United States Magistrate Judge